In the Matter of Henry R. HART.

No. 785S302.

Supreme Court of Indiana.

July 21, 1987.

John M. Lyons, Valparaiso, for respondent.

Sheldon A. Breskow, Executive Secretary, Clifford Courtney, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM

This proceeding was initiated by the filing of a Verified Complaint for Disciplinary Action, in two counts, and is now before this Court on an agreement entered into between the Respondent, Henry R. Hart, and the Supreme Court Disciplinary Commission. The Respondent has also tendered an affidavit as required by Admission and Discipline Rule 23, Section 17.

Count I alleges that the Respondent neglected a legal matter, failed to carry out a contract of employment, prejudiced and damaged a client and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, conduct that adversely reflects on his fitness to practice law and conduct which is prejudicial to the administration of justice, all in violation of Disciplinary Rules 1–102(A)(4), (5) and (6), 6–101(A)(3) and 7–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law*. As to this count, the parties agree that the Respondent was retained by Steve and Doris Domiter to represent them on a claim for damages filed against them by Jere and Diane Guion in the Marshall Circuit Court. The Respondent entered his appearance, but failed to file an answer or any other responsive pleading. The Respondent was notified of an Application for entry of Default Judgment filed by the Guions and of the hearing to be held on such application, but he failed to appear at the hearing or to notify his clients. On September 21, 1982, a default judgment of $200,000 was entered against the Domiters. Again, the Respondent failed to notify his clients of the entry of the default judgment against them. He, in fact, informed them that depositions were scheduled and that trial and/or hearing dates were set in the case when he knew that this was not true. He did nothing to have the default judgment set aside until April, 1983.

By way of mitigation the parties have also stipulated that much of the reason for the neglect was due to emotional fallout and backlog caused by a snowblower injury suffered by the Respondent in 1980 which necessitated the amputation of three fingers on his right hand. Since that time, the Respondent has been receiving professional psychiatric treatment. The parties further agreed in mitigation that the Respondent retained an attorney, who, at the Respondent's expense, sought to have the default judgment set aside, and appealed the trial court's decision relative to this issue. The end result was that the money damage award was set aside and is to be determined in further proceedings.

Under Count II, the Commission alleges that the Respondent violated Disciplinary Rule 7–104(A)(2) by advising a person not represented by an attorney when the inter-

ests of such person are or have a reasonable possibility of being in conflict with the interests of a client. The parties agree that the Respondent had prepared an "Agreement for the Sale of Real Estate and Surviving Widow's Acknowledgement of Waiver of Interest in Personal Property" on behalf of his client, Murray Jain, the purchaser in said agreement. The Respondent met with Patricia Jain, the surviving widow and seller, and presented the agreement for her signature, explaining to her the waiver of rights provisions and the fact that this was her free and voluntary act. She was not represented by an attorney in this matter, and the Respondent did not advise her, prior to her signing, to seek the advice of other counsel. By the terms of the agreement, Patricia Jains' interests were or had a reasonable possibility of being in conflict with the interests of Respondent's client, Murray Jain.

The parties also stipulate, by way of mitigation, that the Respondent felt that Patricia Jain knew what she was doing, and that he did not represent to her that he was her attorney. After the signing of the document, the Respondent recommended that she have the document reviewed by a lawyer of her choice.

At first glance, the misconduct exhibited in this case appears as two isolated acts of neglect and conflict of interest. Upon closer scrutiny, however, Respondent's intentional deceit and misrepresentation as to the status of his client's case raises a serious question as to his professional character and renders the acts of misconduct far more severe. This Court must view the totality of the misconduct when assessing a disciplinary sanction. With this in mind and in light of the steps the Respondent took in mitigation, we find that the agreement of the parties should be approved in all respects.

Accordingly, we find that the Respondent engaged in misconduct and that the agreed discipline, a suspension for a period of not less than six (6) months, without automatic reinstatement, should be imposed.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Respondent, Henry R. Hart, is suspended from the practice of law in the State of Indiana for a period of not less than six (6) months beginning August 15, 1987.

Costs of this proceeding are assessed against the Respondent.